**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Elena Diadenko, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 10681 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Board of Education of the City of Chicago, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Elena Diadenko is a public high school teacher in Chicago. R. 25 ¶ 7. Her national origin is Ukrainian. *Id.* ¶ 2. She brings this action alleging employment discrimination based on her national origin (Count I) and retaliation (Count II). Now before the Court is Defendant's motion (R. 26) to dismiss the second amended complaint (R. 25). For the reasons stated below, that motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Discussion**

Regarding Count I, to sufficiently plead employment discrimination under Title VII, a complaint "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [her protected characteristic]." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (citations omitted). "An adverse employment action is one that significantly alters the terms and conditions of the employee's job." *Hancock v. Potter*, 531 F.3d 474, 478 (7th Cir. 2008). "General hostility, unless it was severe and pervasive, does not meet the mark." *Id.* Rather an adverse employment action includes actions such as "firing, failing to promote, reassignment with significantly different responsibilities, or some other action causing a significant change in benefits." *McKenzie v. Milwaukee Cnty.*, 381 F.3d 619, 625 (7th Cir. 2004) (citations omitted). Critically, when "overtime pay or premium pay is a significant and expected part of an employee's annual earnings, denial of such pay may constitute an adverse employment action." *Formella v. Brennan*, 817 F.3d 503, 511 (7th Cir. 2016).

Defendant argues that Plaintiff "fails to demonstrate an actionable adverse employment action." R. 35 at 1. But Plaintiff alleges that from 1999 through 2023, she received Homebound tutoring assignments which provided additional compensation of approximately $2000 a month. R. 25 ¶¶ 14–15. Plaintiff further alleges that she requested a Homebound assignment for the 2024–2025 school year from Deborah Neiman (the assistant principal at Plaintiff's school), and that Neiman denied the assignment based on Plaintiff's national origin. *Id.* ¶¶ 17, 23–26. Based on these allegations, the Court infers that after twenty-four years of Plaintiff receiving Homebound assignments, the additional compensation became a significant and expected part of Plaintiff's annual earnings. As such, Plaintiff has sufficiently alleged an adverse employment action. Defendant's motion to dismiss is thus denied as to Count I.

Regarding Count II, to sufficiently plead retaliation under Title VII, a complaint "must allege that [the plaintiff] engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano*, 722 F.3d at 1029. Plaintiff alleges that she engaged in a statutorily protected activity when she filed a complaint against Neiman with the school principal on October 20, 2024, and when she filed a grievance against Neiman with the Union on December 3, 2024. R. 25 ¶¶ 33, 48. Both the complaint and the grievance were filed after Neiman rejected Plaintiff for the Homebound assignment. Indeed, the complaint and the grievance alleged that Neiman discriminated against Plaintiff when Neiman rejected Plaintiff for the Homebound assignment. *Id.* As such, the denial of the Homebound assignment is not an adverse action that occurred "as a result" of the complaint and the grievance. In other words, to plead a retaliation claim, Plaintiff must allege another adverse employment action.

In attempting to allege another adverse employment action that occurred as a result of the October 20 complaint and December 3 grievance, Plaintiff cobbles together the following: First, on October 23, 2024, Neiman filed a report against Plaintiff with the Board of Education and claimed that Plaintiff had discriminated against a student. *Id.* ¶ 36. A few weeks later, the Board of Education found the report to be unsubstantiated. *Id.* ¶ 37. Second, on November 19, 2024, the school principal told Plaintiff that, according to Neiman, Plaintiff had criticized a student for not speaking English. *Id.* ¶¶ 39–41. But Plaintiff alleges that she never made such a comment. *Id.* ¶ 42. Third, on January 9, 2025, the school principal told Plaintiff that a student had reported Plaintiff for using profanities. *Id.* ¶ 53. Fourth and finally, on February 20, 2025, Plaintiff received an email from the Office of Student Protection alleging that Plaintiff, herself, had engaged in discrimination. *Id.* ¶ 59.

As alleged, these four incidents fail to establish that Plaintiff was subjected to an adverse employment action as a result of her October 20 complaint and December 3 grievance. First, Plaintiff filed both the October 20 complaint and December 3 grievance against Neiman, but Plaintiff fails to allege that Neiman had anything to do with the January 9 conversation involving Plaintiff and a third-party student, or the February 20 email from the Office of Student Protection. Accepting the facts as true and drawing all reasonable inferences in Plaintiff's favor, the Court is unable to infer that the January 9 conversation or the February 20 email had anything to do with Neiman or the alleged statutorily protected activities.

Second, the October 23 report filed by Neiman and the November 19 conversation between Plaintiff and the school principal are insufficient to constitute an adverse employment action. As stated above, an adverse employment action must significantly alter the terms and conditions of the employee's job, and general hostility, unless severe and pervasive, does not meet the mark. Because the October 23 report was found to be unsubstantiated, it did not lead to any adverse employment actions. And Plaintiff does not allege that the school principal in any way punished her, was hostile to her, or even disrespectful to her during the November 19 conversation.

Plaintiff thus cannot show that she was subjected to an adverse employment action "as a result" of the October 20 complaint or the December 3 grievance. For this reason, Defendant's motion to dismiss is granted as to Count II.

4

## Conclusion

For the reasons stated above, Defendant's motion [26] to dismiss is granted in part and denied in part. Plaintiff may proceed on Count I. Count II is dismissed. By 7/29/26, the parties shall file a joint status report setting forth a proposed schedule for next steps in the case.

SO ORDERED.                                    ENTERED: July 22, 2026

**HON. JORGE L. ALONSO**
**United States District Judge**

5